OPINION
{¶ 1} Defendant-appellant Albert Myles appeals from his conviction and sentence, following a guilty plea, to Possession of Crack Cocaine. Myles contends that the trial court erred by imposing a sentence consecutive to a sentence imposed in another case, without making the findings required by R.C. 2929.14(E)(4). He requests that this court modify his sentence to make the sentences concurrent, rather than consecutive. The State contends that Myles waived any error by failing to object to his sentence.
 {¶ 2} We conclude that State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 104, requires the reversal of Myles's sentence, and the remand of this cause for re-sentencing in accordance withFoster We note that the issue of waiver, raised by the State, was specifically rejected at ¶¶ 30-33 of State v. Foster, supra.
 I {¶ 3} Myles was charged by indictment with one count of Possession of Crack Cocaine. He pled guilty, and was sentenced to a term of imprisonment for six months, to be served consecutively to a two-year prison term imposed at the same time, and in the same hearing, in another case. Myles appeals from his sentence.
 II {¶ 4} Myles's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 6} Myles contends that the trial court erred by imposing consecutive sentences without making the findings required by R.C.2929.14(E)(4). In State v. Foster, supra, the Ohio Supreme Court held the provision in R.C. 2929.14(E)(4) for the imposition of consecutive sentences upon the making of certain required findings to be unconstitutional, and severed it from the rest of the sentencing statute. The Court held that "those [cases] pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id., ¶ 104.
 {¶ 7} Myles asks us to modify his consecutive sentences by making them concurrent. Not only would this be inconsistent with ¶ 104 ofFoster, it would be inconsistent with the basic holding inFoster that the decision whether to impose consecutive sentences is confided to the discretion of the trial court. Although we may, in an appropriate case, review a trial court's exercise of that discretion, it would not be proper for us to exercise that discretion in the first instance.
 {¶ 8} For its part, the State argues that Myles waived any appellate issue with respect to his sentence when he failed to object to his sentence in the trial court. That argument was expressly rejected inState v. Foster, supra, at ¶¶ 30-33.
 {¶ 9} Myles's sole assignment of error is sustained.
 III {¶ 10} Myles's sole assignment of error having been sustained, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance with State v. Foster, supra.
WOLFF, P.J., and GRADY, J., concur.